UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                                      **Case No. 13-CR-245**

**CHRISTOPHER LAURIA,**

    **Defendant.**
_____

**DECISION AND ORDER ON DEFENDANT'S MOTION TO SEVER**
_____

On December 10, 2013, a grand jury sitting in the Eastern District of Wisconsin returned a three count indictment against defendant Christopher Lauria ("Lauria"). The indictment charges Lauria, along with two other defendants, with having participated in a mortgage fraud scheme and charges three counts of wire fraud in furtherance of the scheme, in violation of 18 U.S.C. § 1343 and 2. Lauria was arraigned on the charges and entered a plea of not guilty.

Before the Court is Lauria's motion requesting that his case be severed from that of his two co-defendants. The motion has been fully briefed and is now ready for resolution. For the reasons discussed below, Lauria's motion to sever is denied.

## BACKGROUND

As noted above, a grand jury in this district returned a three count indictment against Lauria, along with two other defendants, Calvin Morris, Jr. and Michael Hawthorne. The indictment alleges that between 2008 and 2010, the defendants participated in a scheme to

defraud and obtain money from mortgage lenders. The scheme allegedly involved the purchase of residential properties in Milwaukee and Racine counties and involved, but was not limited to, the use of nominee buyers; fraudulent loan applications; use of forged and false documents to support the loan applications; and manipulation of financial transactions to create required borrower funds. The indictment further alleges three specific wire transactions comprising counts one through three in violation of 18 U.S.C. § 1343 and 2.

## ANALYSIS

### Joinder

Lauria does not dispute that he and his two co-defendants are properly joined under Fed. R. Crim. P. 8. Rule 8(b) permits joinder of multiple defendants in the same indictment if the defendants are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The rule is whether the indictment alleges that the defendants participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. *United States v. Marzano*, 160 F.3d 399, 401 (7th Cir. 1998). The test is what the indictment charges, not what the evidence shows. *Id.* The defendants must be charged with crimes that "well up" out of the same series of such acts, but they need not be the same crimes. *Id*.

The indictment alleges all three defendants engaged in a scheme to defraud using interstate wires. Because the indictment alleges the defendants engaged in the same series of acts or transactions constituting the offenses, joinder is proper. Lauria does not dispute this, but moves for severance pursuant to Fed. R. Crim. P. 14(a).

**Prejudice**

Even though the defendants are properly joined in the indictment, Fed. R. Crim. P. 14(a) provides that if the joinder of defendants appears to prejudice a defendant or the government, the court may sever the defendants' trials. When defendants have been properly joined under Fed. R. Crim. P. 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). It is well-settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials. *Id.* at 540.

It is the defendant's burden to demonstrate a strong showing of prejudice. *United States v. Moya–Gomez*, 860 F.2d 706, 767–68 (7th Cir. 1988). A mere showing of some prejudice will not warrant severance. *United States v. Madison*, 689 F.2d 1300, 1305 (7th Cir. 1982). Rather, the defendant must show that he is unable to obtain a fair trial without severance. *United States v. Thornton*, 197 F.3d 241, 255 (7th Cir. 1999).

Furthermore, there is a strong preference for a single trial with co-defendants who have been jointly indicted. *United States v. Souffront*, 338 F.3d 809, 828 (7th Cir. 2003). Rule 14(a) provides:

> If the joinder of offenses or defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

While Rule 14 provides the court *may* sever the defendants' trials, Rule 14 does not require severance, even if prejudice is shown. *Zafiro*, 506 U.S. at 538-39. Rather, it leaves the tailoring of the relief to be granted, if any, to the district court's discretion. *Id.* at 539.

A decision to grant or deny a motion for severance under Rule 14 will only be reversed for an abuse of discretion. *United States v. Hogan*, 886 F.2d 1497, 1506 (7th Cir. 1989). The reason for such deference is that, where joinder is proper under Rule 8, there are substantial economies to be gained from a joint trial. *United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir. 1985). Once again, the general policy is that persons jointly indicted be tried together. *United States v. Giangrosso*, 779 F.2d 376, 379 (7th Cir. 1985).

In deciding a motion for severance, the court should balance the interests of the defendant in severance against the government's interest in judicial economy. *United States v. Rivera*, 825 F.2d 152, 159 (7th Cir. 1987). "The danger of prejudice to the least guilty, or perhaps prejudice to all from the sheer confusion of a multidefendant trial, is in all but the most unusual circumstances considered outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all." *Velasquez*, 772 F.2d at 1352. Moreover, "a simple 'disparity in the evidence' will not suffice to support a motion for severance—i.e., it does not independently establish 'actual prejudice.'" *United States v. Caliendo*, 910 F.2d 429, 438 (7th Cir. 1990) (quoting *Moya-Gomez*, 860 F.2d at 764-65).

The Seventh Circuit has outlined four settings in which actual prejudice might result from a denial of a motion for severance: (1) conflicting and irreconcilable defenses; (2) a massive and complex amount of evidence that makes it almost impossible for the jury to separate evidence as to each defendant; (3) a co-defendant's statement that incriminates the

defendant; and (4) a gross disparity of evidence between the defendants. *United States v. Clark*, 989 F.2d 1490, 1499 (7th Cir. 1993).

In this case, Lauria makes three arguments for severance. First, Lauria argues that the government will attempt to introduce statements made by Morris to inculpate Morris, and in turn, inculpate Hawthorne and Lauria. (Motion to Sever at 1, Docket # 34.) Lauria argues that should Morris invoke his Fifth Amendment right not to testify, Lauria will be deprived of his right to confront and cross-examine witnesses against him in violation of *Bruton v. United States*, 391 U.S. 123, 126 (1968). Second, Lauria argues that his defense is "directly antagonistic" to Morris' defense. Finally, Lauria argue that the evidence against him is *de minimis* when compared to the evidence against Morris.

To begin, Lauria raises a *Bruton* issue, alleging that Morris gave inculpatory statements which also implicates him. Under *Bruton*, admission of a co-defendant's confession inculpating the defendant at a joint trial where the co-defendant does not testify violates the defendant's Sixth Amendment right to confrontation as he is precluded from cross-examination. 391 U.S. at 127–28. However, in *Richardson v. Marsh*, 481 U.S. 200, 211 (1987), the Court held that the confrontation clause is not violated when a co-defendant's confession is redacted to omit any references to the defendant and the court gives a proper limiting instruction. The "replacement of defendants' names with references such as 'another person,' combined with an instruction to consider the confession only against the declarant satisfies *Bruton*." *United States v. Gio*, 7 F.3d 1279, 1287 (7th Cir.1993) (internal quotation and citation omitted). Lauria fails to identify a specific statement made by Morris that would raise a *Bruton* issue. Further, in his reply brief, Lauria states that there is no statement in the discovery provided by the government attributed

5

to Morris. (Def.'s Reply Br. at 3, Docket # 48.) Thus, Lauria has not established that severance is necessary under *Bruton*.

Lauria also argues that his defense is "directly antagonistic" and irreconcilable to Morris' defense. Specifically, Lauria states that he will argue that he was a victim of Morris, who was a scam artist. The mere presentation of mutually antagonistic defenses does not require severance. *United States v. Carrillo*, 435 F.3d 767, 778 (7th Cir. 2006). Unless the defenses are so inconsistent that the making of a defense by one party will lead to an unjustifiable inference of another's guilt, or unless the acceptance of a defense precludes acquittal of other defendants, it is not necessary to hold separate trials. *United States v. Buljubasic*, 808 F.2d 1260, 1263 (7th Cir.1987); *see also United States v. Goodwin*, 496 F.3d 636, 644 (7th Cir. 2007). It is not enough for a defendant to show the "mere presence of hostility among defendants or the desire of one to exculpate himself by inculpating another." *United States v. Hendrix*, 752 F.2d 1226, 1232 (7th Cir. 1985) (internal quotation and citation omitted); *see also Buljubasic*, 808 F.2d at 1263 ("Finger-pointing is an acceptable cost of the joint trial and at times is even beneficial because it helps complete the picture before the trier of fact."). Lauria fails to explain how his defense that he was Morris' victim is antagonistic to Morris' defense because he does not articulate what Morris' defense will be. Therefore, Lauria has not established a basis for severance based on allegedly antagonistic defenses.

Finally, Lauria argues that the evidence against him is *de minimis* as compared to the overwhelming evidence against Morris. To succeed on a claim of prejudice due to disparities in the evidence (or evidentiary spillover) a criminal defendant must rebut the presumptions that a jury will: (1) capably sort through the evidence and (2) follow instructions from the court to consider each defendant separately. *United States v. Edwards*, 36 F.3d 639, 647 (7th Cir. 1994);

*United States v. Lopez*, 6 F.3d 1281, 1286 (7th Cir. 1993); *United States v. Smith*, 995 F.2d 662, 671 (7th Cir. 1993). "Mere speculation of 'spill over guilt' is not enough to rebut these twin presumptions." *Lopez*, 6 F.3d at 1286 (citing *United States v. Doerr,* 886 F.2d 944, 972 (7th Cir. 1989)).

Moreover, the general rule is that where a variance of culpability and disparity of evidence between defendants exists, other less drastic alternatives to severance should first be explored. *United States v. Papia*, 560 F.2d 827, 837 (7th Cir. 1977). The mere existence of such a disparity "is not itself grounds for a severance." *Doerr*, 886 F.2d at 972 (citations omitted). "Instead, 'the relevant inquiry is whether it is within the jury's capacity to follow the trial court's limiting instructions requiring separate consideration for each defendant and the evidence admitted against him.'" *Id*. (citations omitted).

Here, instructions directing the jury to assess each defendant's guilt or innocence solely on the basis of evidence admissible against each defendant will effectively prevent evidentiary spillover. *See United States v. Peters*, 791 F.2d 1270, 1303 (7th Cir. 1986); *United States v. Hendrix*, 752 F.2d 1226, 1232 n.6 (7th Cir. 1985); *see also Velasquez*, 772 F.2d at 1352. As previously stated, it is presumed juries will capably sort through the evidence and will follow limiting instructions from the court to consider each defendant separately. *United States v. Stillo*, 57 F.3d 553, 557 (7th Cir. 1995). Further, the Seventh Circuit has noted that limiting instructions are "an adequate safeguard against the risk of prejudice in the form of jury confusion, evidentiary spillover and cumulation of evidence." *United States v. Turner*, 93 F.3d 276, 284 (7th Cir. 1996) (internal quotation and citation omitted). Although Lauria argues there is a disparity in the evidence between himself and Morris, he has failed to show that the jury in a joint trial will not be able to fulfill its duty in sorting through the evidence.

Moreover, a joint trial would promote judicial economy. All three defendants are accused of engaging in the same series of acts or transactions constituting a scheme to defraud using interstate wires. Undoubtedly, if the defendants were severed, some evidence would have to be unnecessarily repeated. In sum, Lauria has not shown a substantial risk of prejudice which cannot be cured by appropriate jury instructions. Accordingly, given the preference for joint trials of properly joined defendants, Lauria's motion for severance will be denied.

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to sever (Docket # 34) is **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), and Federal Rule of Criminal Procedure 59(b)(2) (as amended effective December 1, 2009), whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of the date of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 23rd day of April, 2014.

                                                  BY THE COURT

                                                  *s/Nancy Joseph*
                                                  NANCY JOSEPH
                                                  United States Magistrate Judge